# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID ALLEN ZIEGLER,
    Petitioner,

  v.              Case No. 13-CV-00250

MARK RICE,
    Respondent.

## DECISION AND ORDER

Pro se petitioner David Ziegler filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On March 2, 1998, petitioner pled guilty in Milwaukee County Circuit Court to four counts of delivery of cocaine and one count of possession with intent to distribute a controlled substance within 1000 feet of a school under Wis. Stat. § 961.41(1). He was sentenced to consecutive sentences totaling 35 years incarceration and is currently being held at the John C. Burke Correctional Center.

Petitioner appealed his conviction and sentence, and the Wisconsin Court of Appeals affirmed on March 2, 2001. The Wisconsin Supreme Court denied his petition for review on July 18, 2001, and the time for seeking review by the United States Supreme Court expired 90 days later on October 16, 2001. Before the time for review expired, on September 5, 2001, petitioner filed a state habeas petition in Milwaukee County Circuit Court, which the circuit court construed as a post-conviction motion under Wis. Stat. § 974.06. Among other things, petitioner claimed his trial counsel was ineffective because counsel had improperly advised him to plead guilty. The circuit court denied the motion,

and petitioner appealed. On November 15, 2002, the Wisconsin Court of Appeals affirmed. The Wisconsin Supreme Court denied review on April 22, 2003.

Over seven years later, on May 21, 2010, petitioner filed another motion for post-conviction relief under Wis. Stat. § 974.06 and again sought a modification of his sentence. He argued that his sentence needed to be modified because the sentencing judge had assumed that petitioner would be paroled after serving 25% of his time, or about nine years, but said the Wisconsin Department of Corrections ("DOC") had refused to grant him parole. He argued that the sentence needed to be modified to reflect the judge's true intent. The circuit court denied the motion on May 27, 2010. The Wisconsin Court of Appeals affirmed on May 17, 2011, and the Wisconsin Supreme Court denied review on January 26, 2012.

On January 18, 2013, petitioner deposited his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the prison mail system. However, he addressed the petition to the Wisconsin Court of Appeals. That court received it on January 25, 2013. Petitioner realized his mistake and asked the state court to mail the petition back to him. The state court complied on February 26, 2013. Petitioner then forwarded the petition on to this court. The clerk received it on March 5, 2013.

Petitioner makes three claims in this case. First, he claims his Sixth Amendment right to effective assistance of counsel was violated because his trial counsel improperly advised him to plead guilty. Second, he claims his sentence needs to be modified because the trial judge only intended for him to serve nine years, after which the judge believed petitioner would be granted parole. He says the DOC refuses to grant him parole, and he asks that his sentence be modified to reflect the judge's intent. Petitioner does not allege

that a parole statute or regulation issued since his sentencing is being used to extend the duration of his confinement, therefore, I do not construe this as a claim under the ex post facto clause. *See Grennier v. Frank*, 453 F.3d 442, 444–45 (7th Cir. 2006) (noting that "[s]tatutes and regulations governing parole are 'laws' for purposes of [the ex post facto] clause"). Instead, he appears to be claiming that his right to due process was violated because the judge relied on misinformation when sentencing petitioner. Specifically, petitioner says the prosecutor told the judge during the sentencing hearing that petitioner would be paroled after serving only 25% of his sentence. *See U.S. v. Tucker*, 404 U.S. 443, 446 (1972) (a due process violation may result if a trial court relies on misinformation during sentencing). *But see U.S. v. Plain*, 856 F.2d 913, 916 (7th Cir. 1988) (noting that "a disagreement as to defendant's approximate release dates and the district judge's consideration of these dates" is not "misinformation of a constitutional magnitude" under *Tucker*).

Third, petitioner claims he was denied a bail hearing at some point during the appeal process. I will dismiss this claim for failure to state a claim. The petition says only that, "I asked for a bail hearing during the appeal process." (Pet. for Writ of Habeas Corpus § IV, ECF No. 1.) This sentence without more is not sufficient to state a claim that petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" as required by § 2254(a).

The federal Antiterrorism and Effective Death Penalty Act of 1996 requires a federal habeas petition to be filed within one year from the later of "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or "the date on which the factual

3

predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *id.* § 2244(d)(1)(D). The statute of limitations, however, is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

Applying this standard, petitioner's claim for ineffective assistance of counsel and modification of his sentence are untimely. His conviction became final on October 1, 2001 when the time for seeking direct review expired. At that time, he had a pending application for post-conviction relief, so the statute of limitations was tolled until the Wisconsin Supreme Court denied his petition for review of that application on April 22, 2003. The statute of limitations under § 2244(d)(1) then began to run, giving petitioner until April 22, 2004 to file a federal habeas petition challenging the effectiveness of his counsel or seeking modification of his sentence. *See Lawrence v. Fla.*, 549 U.S. 327, 333 (2007) (holding that an application for state post-conviction review is no longer "pending" once "the state courts have finally resolved [the application]"). Since petitioner did not file his petition by this date, his claims are untimely.

Petitioner argues that he needed to wait until the DOC denied him parole before he could seek modification of his sentence. Until then, he argues it was not clear that the sentence had been based on misinformation. Even if this true and the statute of limitations on his second claim is delayed under § 2244(d)(1)(B), his claim is still untimely. It is not clear when petitioner was denied parole, but it was before May 21, 2010, when he filed his second § 974.06 motion seeking to modify his sentence. The statute of limitations would have been tolled while that motion was pending, but the Wisconsin Supreme Court denied review of that motion on January 26, 2012. Thus, the latest date on which the statute of

4

limitations would have started running was January 26, 2012, which would give petitioner until January 26, 2013 to file his petition. Petitioner did not meet this deadline.

Under the prison mailbox rules, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d) the Rules Governing § 2254 Cases. In order to meet the requirements of this rule, a prisoner must direct the paper to the clerk of the district court and apply correct postage. *See* Rule 3(a) of the Rules Governing § 2254 Cases (requiring a petition to be "filed with the clerk"). Here, petitioner put his petition in the mail on January 18, 2013 but addressed it to the wrong court. He then waited to send a copy to this court until he received his petition back from the Wisconsin Court of Appeals, and that court did not mail back his petition until February 26, 2013. As a result, his petition was not timely filed. He did not address it to the clerk of this court and deposit in the prison mail system on or before January 26, 2013.

Even if his claims are untimely, petitioner argues that he is entitled to equitable tolling. Equitable tolling is an extraordinary remedy that is rarely granted. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to equitable tolling. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Here, petitioner has not pointed to any extraordinary circumstances that prevented him from timely filing his

petition. He argues only that it was difficult for him to file his petition because he is in prison, has limited income and lacks legal training. These are problems that most habeas petitioners face, and petitioner states that he had access to a prison law library. Thus, I find that he is not entitled to equitable tolling.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss the petition (Docket #10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** for failure to timely file. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2). Therefore, I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge